## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Leah Weiss, individually and on behalf of all others similarly situated;<br><br>                      Plaintiff,<br><br><br><br><br>     -v.-<br><br>Midland Credit Management, Inc.,<br><br>                  Defendant(s). | Civil Action No: 1:21-cv-3236<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Leah Weiss (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Midland Credit Management, Inc. (hereinafter referred to as "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.     Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.     Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.     Plaintiff is a resident of the State of New York, County of Kings.

8.     Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6).

9.    Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

**CLASS ALLEGATIONS**

10.    Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.    The Class consists of:

  a.   all individuals with addresses in the State of New York;

  b.   to whom Defendant sent a collection letter attempting to collect a consumer debt;

  c.   in which the collection letter threatens litigation;

  d.   yet the Defendant did not bring litigation subsequent to the stated deadline;

  e.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12.    The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13.    Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. § l692e and § l692f et seq.

15.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a.  **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b.  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. § l692e and § l692f et seq.

c.  **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d.  **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter.

Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e.  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20.    Some time prior to April 2, 2020, an obligation was allegedly created to the original creditor, Synchrony Bank.

21.     Upon information and belief, Synchrony Bank transferred the defaulted debt to Midland Credit Management, Inc for the purpose of debt collection.

22.     The original subject obligation arose out of a personal credit card debt. The subject debt was incurred by Plaintiff solely for personal, household or family purposes.

23.     The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

24.     The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

25.     Defendant purchased the subject debt for the purpose of debt collection. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

*Violation – June 10, 2020 Collection Letter*

26.     On or about June 10, 2020, the Defendant sent the Plaintiff a collection letter ("Letter") regarding the alleged debt. (See Letter at Exhibit A.)

27.     At the top of the Letter, it states in large white, bolded and capitalized letters surrounding by a red ribbon that runs the width of the page, "PRE-LEGAL NOTIFICATION."

28.     Below the top ribbon is a secondary ribbon with the warning, "FINAL NOTICE" in red bolded and capitalized letters.

29.     In the main body of the text, the Letter states: "After numerous attempts to contact you regarding this account, Midland Credit Management, Inc. will transition your account into the attorney review process after 7/10/2020." Payment instructions follow.

30.     Futher, the Letter states: "If your account is moved to an attorney or legal firm, the MCM Pre-Legal Department will be unable to offer a flexible payment arrangement or stop any potential litigation process. If this process results in litigation, and a judgment is entered against you, the judgment will be enforceable according to state law." Not only does the Defendant

threaten litigation, but they go as far to state they if a lawsuit is filed, they will be unable to stop the process from happening.

31.     To emphasize the finality of this notice, the Letter reiterates, "This is the final written communication you will receive prior to entering the legal review process. Your prompt attention is necessary to avoid the possibility of legal action."

32.     However, in contrast to the threats of litigation posed in the Letter, the Defendant did not file a law suit against the Plaintiff after the July 10, 2020 deadline passed, about 11 months ago.

33.     After including no less than five (5) warnings in the Letter threatening litigation against the Plaintiff, Defendant has failed to bring any such action against the Plaintiff, up until and including the time of the filing of this Complaint (as of June 8, 2021).

34.     It is now clear that Defendant did not in fact intend to bring an imminent lawsuit against the Plaintiff as it is now almost a year since Defendant initially threatened suit.

35.     Moreover, despite writing "FINAL NOTICE" in the Letter and threatening a final chance to avoid litigation, Defendant has failed to deliver on its threats.

36.     Defendant clearly stated that if the Plaintiff did not respond by July 10, 2020, Defendant would move the Plaintiff's account into the "attorney review process".

37.     The Plaintiff was injured in result of these numerous threats. Specifically, the Plaintiff incurred an informational injury as Defendant misrepresented its intention of bringing a lawsuit against the Plaintiff.

38.     After receiving the Letter, Plaintiff believed she was going to receive a lawsuit shortly thereafter.

39.     Defendant's threatening language caused the Plaintiff to live in fear of a lawsuit occurring for many months.

40.     Clearly, the Defendant's repetition of threats of litigation against the Plaintiff was only used in a deceptive and harassing fashion to inflict fear upon the Plaintiff that she would be sued imminently.

41.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

<u>**COUNT I**</u>

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

42.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

44.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

45.     Defendant violated §1692e:

   a.   As the Letter falsely represents that Defendant intends to bring a law suit against the Plaintiff, falsely representing the legal status of the debt in violation of §1692e(2); and

   b.   As the collection letter (See Exhibits A) threatens litigation against the Plaintiff, when in fact it was not the intention of the Defendant to bring such legal action, in violation of §1692e(5); and

8

c.  By making false and misleading representations in violation of §1692e(10).

46.    By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

<u>**COUNT II**</u>

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***

47.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

48.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

49.    Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

50.    Defendant violated §1692f:

a.  As the Letter falsely represents that Defendant intends to bring a law suit against the Plaintiff, the Defendant utilized an unfair and/or unconscionable means to collect or attempt to collect the subject debt in violation of §1692f.

51.    By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

52.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Leah Weiss, individually and on behalf of all others similarly situated, demands judgment from Defendant Midland Credit Management, Inc. as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2.     Awarding Plaintiff and the Class statutory damages;

3.     Awarding Plaintiff and the Class actual damages;

4.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.     Awarding pre-judgment interest and post-judgment interest; and

6.     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: June 8, 2021                             Respectfully Submitted,

                                                **STEIN SAKS, PLLC**

                                                 _/s/ Tamir Saland_
                                                Tamir Saland, Esq.
                                                285 Passaic Street
                                                Hackensack, NJ 07601
                                                Ph:  201-282-6500 ext. 122
                                                Fax: 201-282-6501
                                                tsaland@steinsakslegal.com
                                                _Counsel for Plaintiff_